|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | | UNITED STATES DISTRICT COURT |
| 9 | | WESTERN DISTRICT OF WASHINGTON AT TACOMA |

```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
           AT TACOMA

BRIAN A. JACKSON,
                                    CASE NO. 3:17-CV-05312-DWC
              Plaintiff,
                                    ORDER REVERSING AND
       v.                           REMANDING DEFENDANT'S
                                    DECISION TO DENY BENEFITS
NANCY A. BERRYHILL, Deputy
Commissioner of Social Security for
Operations,

              Defendant.
```

Plaintiff Brian A. Jackson filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's applications for supplemental security income ("SSI") and disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 6.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred by failing to follow instructions from this Court and the Appeals Council directing her to

conduct further proceedings consistent with a previous Order from the Court. Had the ALJ followed the Court's instructions by properly considering medical opinion evidence from Dr. Brian Allender, M.D., the residual functional capacity ("RFC") may have included additional limitations. The ALJ's error is therefore not harmless, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner of Social Security ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

This case has an extensive procedural background, with three ALJ hearings and three ALJ decisions. On October 22, 2008, Plaintiff filed applications for SSI and DIB, alleging disability as of December 1, 2006. *See* Dkt. 9, Administrative Record ("AR") 17. The applications were denied upon initial administrative review and on reconsideration. *See* AR 17. ALJ Wayne Araki held the first hearing in this matter on August 11, 2010. AR 92-125. On September 23, 2010, ALJ Araki issued the first ALJ decision, finding Plaintiff to be not disabled. AR 137-44. Thereafter, Plaintiff appealed to the Appeals Council, which granted Plaintiff's request for review of the ALJ's decision and remanded the case back to the ALJ. AR 153-55.

On December 6, 2012, ALJ Cynthia D. Rosa held the second hearing in this matter. AR 57-89. ALJ Rosa issued the second unfavorable decision on April 26, 2013, again finding Plaintiff to be not disabled. AR 17-43. The Appeals Council denied Plaintiff's request for review on October 3, 2014. AR 1-3. On December 8, 2014, Plaintiff filed the first suit in this Court, seeking review of ALJ Rosa's decision. *See* AR 1273-74. The Court issued an Order on December 28, 2015, finding the ALJ erred in her consideration of medical opinion evidence from Dr. Allender, her assessment of Plaintiff's RFC, and the subsequent Step Five findings. *See* AR 1258-72. As such, the Court reversed and remanded the matter for further proceedings. AR 1258,

1272. Thereafter, pursuant to the Court's Order, the Appeals Council vacated the ALJ's decision and remanded the case to an ALJ "for further proceedings consistent with the order of the court." AR 1279.

ALJ Rosa held the third hearing in this matter on June 2, 2016. AR 1162-90. On December 30, 2016, ALJ Rosa issued the third unfavorable decision in this matter, finding Plaintiff to be not disabled. AR 1114-42. ALJ Rosa's December 30, 2016 decision is the Commissioner's final decision. *See* 20 C.F.R. § 404.981, § 416.1481. Plaintiff now appeals ALJ Rosa's December 30, 2016 decision.[1]

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by failing to: (1) comply with the Court's Order regarding her treatment of Dr. Allender's March 2010 medical opinion; (2) provide specific and legitimate reasons to discount other medical opinions, including a December 2012 opinion from Dr. Allender and medical opinion evidence from Dr. Alysa A. Ruddell, Ph.D.; Dr. Shawn Kenderline, Ph.D.; Dr. David Widlan, Ph.D.; Dr. Joy Ruiz-Molleston, M.D.; Dr. Rufino Ramos, M.D.; Dr. Victoria McDuffee, Ph.D.; and Dr. Tasmin Bowes, Psy.D.; (3) provide germane reasons to discount opinion evidence from licensed mental health counselor Patricia Falsetto and lay witness Pam Lake; and (4) provide an RFC supported by substantial evidence in the record. Dkt. 13, pp. 1-18. As a result of these errors, Plaintiff argues an award of benefits is appropriate. *Id.* at 18.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by

---

[1] When stating "the ALJ" or "the ALJ's decision" throughout this Order, the Court is referring to ALJ Rosa and her December 30, 2016 decision.

substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

**I. Whether the ALJ failed to comply with the previous Order from this Court regarding Dr. Allender's March 2010 opinion.**

Plaintiff first argues the ALJ erred by violating the Court's previous Order, which remanded the case for proper consideration of Dr. Allender's March 2010 medical opinion. Dkt. 13, pp. 4-6. In particular, Plaintiff argues the ALJ erred by discounting Dr. Allender's opinion with reasons the Court previously found legally insufficient. *Id.*

Under the rule of mandate, "the mandate of a higher court is controlling as to matters within its compass." *Sprague v. Ticonic Nat'l Bank,* 307 U.S. 161, 168 (1939). A lower court is generally "bound to carry the mandate of the upper court into execution and [may] not consider the questions which the mandate laid at rest." *Id.* Similarly, under the law of the case doctrine, "[t]he decision of an appellate court on a legal issue must be followed in all subsequent proceedings in the same case." *United States v. Cote*, 51 F.3d 178, 181 (9th Cir. 1995) (quoting *Herrington v. County of Sonoma*, 12 F.3d 901, 904 (9th Cir.1993) (internal quotations omitted)).

Additionally, "as a general principle, the United States Supreme Court has recognized that an administrative agency is bound on remand to apply the legal principles laid down by the reviewing court." *Ischay v. Barnhart,* 383 F.Supp.2d 1199, 1213–1214 (C.D. Cal. 2005); *see Sullivan v. Hudson*, 490 U.S. 877, 886 (1989) (citations omitted) (deviation from the court's remand order in the subsequent administrative proceedings is itself legal error, subject to reversal on further judicial review). Likewise, Social Security regulations provide:

> When a Federal court remands a case to the Commissioner for further consideration, the Appeals Council, acting on behalf of the Commissioner, may make a decision, or it *may remand the case to an administrative law judge with*

*instructions to take action and issue a decision* or return the case to the Appeals Council with a recommended decision. If the case is remanded by the Appeals Council, the procedures explained in [20 C.F.R.] § 404.977 will be followed.

20 C.F.R. § 404.983 (emphasis added). Under 20 C.F.R. § 404.977, when the Appeals Council remands a case to the ALJ, the ALJ "shall take any action that is ordered by the Appeals Council and may take any action that is not inconsistent with the Appeals Council's remand order." On remand, the ALJ must follow the specific instructions of the reviewing court. *See, e.g.*, *Samples v. Colvin*, 103 F.Supp.3d 1227, 1231-32 (D. Or. 2015).

A. <u>Dr. Allender's March 2010 Opinion</u>

Dr. Allender is Plaintiff's treating psychiatrist. *See* AR 1079. On March 31, 2010, Dr. Allender completed a Psychological/Psychiatric Evaluation form regarding Plaintiff's mental health. AR 914-20. Dr. Allender diagnosed Plaintiff with major depressive disorder and post-traumatic stress disorder ("PTSD"). AR 915. He noted these disorders severely impact Plaintiff's ability to conduct work activities. AR 915. Moreover, Dr. Allender found Plaintiff had a diagnosis of substance abuse or dependence on methamphetamine that had been in remission for over ten years. AR 916.

With respect to cognitive functional limitations, Dr. Allender opined Plaintiff had a mild limitation in his ability to learn new tasks and moderate limitation in his ability to perform routine tasks due to anxiety and stress. AR 917. Further, Dr. Allender determined Plaintiff had a severe limitation in his ability to exercise judgment and make decisions based on his observations of Plaintiff's struggles with concentration and problem solving. AR 917.

Regarding social functional limitations, Dr. Allender opined Plaintiff had a severe limitation in his ability to relate appropriately to co-workers and supervisors because Plaintiff "reported difficulty working with or around others." AR 917. In addition, Dr. Allender found Plaintiff had a marked limitation in his ability to interact appropriately in public contacts. AR

917. Dr. Allender opined Plaintiff had a severe limitation in his ability to maintain appropriate behavior in a work setting, as well as a severe limitation in his ability to respond appropriately to and tolerate the pressures and expectations of a normal work setting. AR 917. Dr. Allender opined to these latter two limitations based on his own observations, his understanding of how Plaintiff's mental illness impacts his daily activities, and Plaintiff's reports. AR 917.

    B.  <u>The Court's December 2015 Order</u>

On December 28, 2015, this Court reversed and remanded the second ALJ decision in this matter, finding the ALJ's treatment of Dr. Allender's March 2010 opinion unsupported by substantial evidence. *See* AR 1258-71. In its decision, the Court considered ALJ Rosa's treatment of Dr. Allender's opinion in three distinct sections and found the ALJ erred regarding the limitations discussed in the first and third sections. *See* AR 1265-67.

First, the Court found the ALJ erred in her treatment of Dr. Allender's opinion that Plaintiff would have a severe cognitive limitation in his ability to exercise judgment and make decisions. AR 1265-66. The Court explained the ALJ erred because she "did not give any reason" to reject this finding, and it was unclear whether the ALJ's decision to limit Plaintiff to "simple, routine, repetitive tasks" encompassed this limitation.[2] *See* AR 1265-66.

Second, the Court found the ALJ did not err in rejecting Dr. Allender's opinion that Plaintiff had a severe limitation in his ability to relate appropriately to co-workers and supervisors, and a marked limitation in his ability to interact appropriately with the public. AR 1266. The Court concluded the ALJ properly rejected these social limitations because Dr. Allender's report indicated he premised these limitations solely on Plaintiff's self-report. *See* AR

---

[2] In this section of its decision, the Court also discussed Dr. Allender's opinion that Plaintiff was moderately limited in his ability to perform routine tasks, but did not expressly find the ALJ erred regarding this limitation. *See* AR 1265-66.

1266 (citing *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999) (internal citations omitted) (medical opinion premised on Plaintiff's subjective complaints may be disregarded where those complaints have been properly discounted). Moreover, the Court noted "the ALJ restricted [P]laintiff to work that does not involve any public contact, and so this limitation is fully accounted for in the ALJ's RFC assessment in any event." AR 1266.

Third, the Court found the ALJ erred in discounting Dr. Allender's opinion that Plaintiff had severe limitations in maintaining appropriate behavior in a work setting, and responding appropriately to and tolerating the pressures and expectations of a normal work setting. AR 1266-67. The Court reasoned that although the ALJ discounted these limitations for being based on Plaintiff's self-reports, the ALJ erred because Dr. Allender also expressly based these limitations on his own observations and understanding of how Plaintiff's mental illness affects his daily activities. AR 1267 (citing *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014); *Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008)). The Court went on to explain the activities of daily living the ALJ cited "are not necessarily inconsistent" with these opined limitations, as it is unclear "the nature or extent to which [P]laintiff interacts with others while engaging" in these activities. AR 1267.

In light of the ALJ's errors regarding Dr. Allender's medical opinion, the Court found the ALJ's RFC assessment and Step Five determination were unsupported by substantial evidence. AR 1267-70. Therefore, the Court reversed and remanded the matter to the Commissioner for further administrative proceedings in accordance with its Order. *See* AR 1258, 1271. On remand, the Appeals Council vacated the ALJ's decision and remanded the case to an ALJ "for further proceedings consistent" with the Court's Order. AR 1279. Given that the Court and Appeals Council ordered the ALJ to conduct further proceedings consistent with the Court's Order, the

threshold inquiry is whether the ALJ reconciled her errors regarding Dr. Allender's opinion on remand.

C. The ALJ's Current Decision

On remand, the ALJ again discounted Dr. Allender's findings. *See* AR 1136-37. First, the ALJ partly discounted Dr. Allender's opinion that Plaintiff had a moderate limitation in his ability to perform routine tasks and a severe limitation in his ability to exercise judgment and make decisions. AR 1136. Specifically, the ALJ wrote that although she "generally agrees" with this assessment, she went on to explain:

> As noted, the broad terms used to rate functioning on the DSHS form, particularly "moderate" is too vague to be of use in the instant analysis. The undersigned concludes that the claimant's activities show that, despite the assessed moderate limitation in performing routine tasks, the claimant's reported activities of daily living show that he is able to perform simple, routine, repetitive tasks routinely.

AR 1136.

As Plaintiff accurately notes, this language is identical to the language this Court rejected with respect to these limitations in its previous Order. Dkt. 13, p. 5; *compare* AR 36 (previous ALJ decision) *with* AR 1136 (current ALJ decision) *and* AR 1265-66 (Court's decision rejecting this language). However, unlike her previous decision, the ALJ elaborated on how the RFC accounts for these cognitive limitations. *See* AR 1137. In relevant part, the ALJ explained:

> Overall, the [RFC] found above is consistent with the cognitive limitations proposed by Dr. Allender. *When asked about decision-making and judgment necessary for occupations with a Reasoning Level of 1, the impartial vocational expert testified that . . . the occupations described below, require an individual to apply "common sense understanding" to carry out "simple" one to two-step instructions, deal with standardized situations with occasional or no variables with situations encountered on the job, they are short-cycled with very little changes.* In testifying consistent with the DOT, the vocational expert did not identify decision-making or judgment necessary in performing occupations at Reasoning Level 1 . . . The undersigned finds the vocational expert's testimony of be credible and persuasive.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 8

AR 1137 (emphasis added).

The Court previously rejected the ALJ's treatment of these cognitive limitations because the ALJ failed to explain how she accounted for these findings. *See* AR 1265-66. This time, however, the ALJ explained how she accounted for these cognitive limitations in the RFC and hypothetical questions posed to the vocational expert ("VE"). *See* AR 1137. Because the ALJ's new decision explains her consideration of these limitations, the Court finds Plaintiff failed to show the ALJ violated the Court's Order on these limitations. *See* Dkt. 13, 23; *Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) ("The burden is on the party claiming error to demonstrate not only the error, but also that it affected his 'substantial rights.'"); *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) (citation omitted) ("If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld).

Second, regarding Plaintiff's limitations relating appropriately to co-workers and supervisors and interacting appropriately with the public, the ALJ again discounted these limitations for being based on Plaintiff's self-reports. *See* AR 1136-37. The ALJ used language identical to the language from her previous decision to discount these limitations. *Compare* AR 36 (previous ALJ decision) *with* AR 1136-37 (current ALJ decision). Thus, given that the Court upheld this language in its previous decision, the ALJ did not violate the Court's Order with respect to these limitations. *See* AR 1266.

Third, the ALJ discounted Dr. Allender's opinion that Plaintiff had severe limitations in his ability to maintain appropriate behavior in a work setting and respond appropriately to and tolerate the pressures and expectations of a normal work setting. *See* AR 1136-37. The ALJ wrote:

> Dr. Allender . . . based each rating on the claimant's reports of difficulty working with or around others, his avoidance of social contact, and the doctor's "understanding of the impact his mental illness has on his daily activities." These reports, even the quoted portion, are based on the claimant's reports and are not consistent with his actual reported activities, which include taking public transportation, living with or visiting family regularly, shopping in stores.

AR 1136-37.

Once again, the ALJ used language identical to her previous decision to discount these limitations. *Compare* AR 36 (previous ALJ decision) *with* AR 1136-37 (current ALJ decision). In its previous decision, the Court found this language insufficient to discount these limitations. AR 1267. In the decision currently at issue, the ALJ failed to elaborate on or change this erroneous language.[3] *See* AR 1136-37. Hence, the ALJ erred, as she violated instructions from the Court and Appeals Council which ordered her to properly conduct further proceedings consistent with the Court's Order. *See Trujillo v. Astrue*, 2011 WL 5870080, at *6-7 (C.D. Cal. Nov. 22, 2011) (remand required when the ALJ committed legal error by failing to follow the remand order of the district court and Appeals Council); *Scott v. Barnhart*, 592 F.Supp.2d 360, 371-72 (W.D. N.Y. 2009) (ALJ's failure to comply with the Appeals Council's order after remand from the district court constituted legal error and necessitated remand); *Ischay*, 383 F.Supp.2d at 1217 (ALJ erred when he failed to follow the Appeals Council's remand, which directed the ALJ to conduct further proceedings consistent with the order of the court).

D. Harmless Error

Harmless error principles apply in the Social Security context. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless only if it is not prejudicial to the claimant or

---

[3] Defendant asserts the ALJ corrected this mistake because "on remand, the ALJ considered subsequent treatment notes from Dr. Allender, describing Plaintiff as interacting appropriately and maintaining concentration and focus, despite his numerous subjective complaints." Dkt. 22, p. 5 (citing AR 1137, 1427-76). The context of the ALJ's statements, however, indicate the ALJ used these subsequent treatment notes to discredit Dr. Allender's December 2012 statement, not the March 2010 opinion at issue. Therefore, Defendant's argument is unpersuasive.

"inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see also Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (quoting 28 U.S.C. § 2111)).

Here, the ALJ used language the Court found erroneous in its previous Order to discount some of Dr. Allender's opined limitations. Therefore, the ALJ erred. Had the ALJ followed the directions from the Court and Appeals Council by properly considering Dr. Allender's opinion on remand, the RFC and hypothetical questions posed to the VE may have included additional limitations. For example, the RFC and hypothetical questions may have contained restrictions reflecting Plaintiff's severe limitation in his ability to maintain appropriate behavior in a work setting. The RFC and hypothetical questions may have also contained restrictions reflecting Plaintiff's severe limitation in his ability to respond appropriately to and tolerate the pressures and expectations of a normal work setting. Neither the RFC nor the hypothetical questions posed to the VE reflected these limitations. *See* AR 1119, 1182-90. Thus, because the ALJ's treatment of these limitations from Dr. Allender may have changed if she followed the instructions of the Court and Appeals Council on remand, the ALJ's error is not harmless and requires reversal.

Although the Court finds the ALJ erred regarding only some of Dr. Allender's opined limitations, the Court instructs the ALJ to re-evaluate this entire opinion on remand, as reconsideration of these limitations may impact her treatment of Dr. Allender's other opined limitations.

Plaintiff additionally argues the ALJ erred in her treatment of a December 2012 opinion from Dr. Allender. Dkt. 13, pp. 6-7. Because proper treatment of Dr. Allender's March 2010 opinion may impact the ALJ's treatment of this later opinion, the ALJ shall reconsider Dr. Allender's December 2012 opinion on remand, as well. Similarly, as reconsideration of Dr. Allender's opinions may impact multiple aspects of the sequential evaluation process, the Court instructs the ALJ to re-evaluate the entire sequential evaluation process on remand.

**II.     Whether the ALJ properly considered other medical opinion evidence in the record.**

Plaintiff next argues the ALJ erred in her consideration of medical opinion evidence from Drs. Ruddell, Kenderline, Widlan, Ruiz-Molleston, Ramos, McDuffee, and Bowes. Dkt. 13, pp. 7-19. The Court has determined the ALJ committed harmful error regarding Dr. Allender's March 2010 medical opinion. *See* Section I, *supra*. Because this error alone necessitates remand, the Court will not decide whether the ALJ committed harmful error regarding these other medical opinions. Nevertheless, the Court notes the ALJ committed the following errors in the treatment of these medical opinions, which the ALJ must reconcile on remand.[4]

A. <u>Substantial Evidence</u>

As a general matter, this Court may reverse an ALJ's decision if the ALJ's findings are not supported by substantial evidence in the record as a whole. *Bayliss*, 427 F.3d at 1214 n.1 (citation omitted). Likewise, the ALJ may only reject a treating or examining physician's contradicted opinion with "specific and legitimate reasons *that are supported by substantial evidence.*" *Id.* at 1216 (citation omitted) (emphasis added).

---

[4] The errors discussed in this section are not an exhaustive list of the ALJ's errors regarding the medical opinion evidence. Rather, the Court provides this discussion to assist the ALJ on remand in reconsideration of these medical opinions.

The ALJ violated these general principles in her decision. For instance, the ALJ rejected Dr. Ramos's medical opinion because "Dr. Ramos did not assess the claimant's functioning on consultative examination . . . but simply repeated the claimant's claims." AR 1135. This statement was unsupported by substantial evidence, as Dr. Ramos indeed assessed Plaintiff's functional limitations. For instance, Dr. Ramos opined Plaintiff "has difficulty being impatient and cannot sustain activity for a long period of time." AR 712. In addition, Dr. Ramos opined Plaintiff's "panic disorder needs to be treated in order for him to be able to expose himself to the public." AR 712. Hence, contrary to the ALJ's assertion, Dr. Ramos assessed Plaintiff's functioning. *See Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (an ALJ "may not reject significant probative evidence without explanation").

Furthermore, Dr. Ramos's report reveals he did not simply repeat Plaintiff's reports as the ALJ claimed; rather, Dr. Ramos backed his opinion with his own mental status examination, which cannot be discounted as self-report. *See* AR 711-12; *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017). The Ninth Circuit has also held that given the "nature of psychiatry," psychiatric evaluations and diagnoses "will always depend in part on the patient's self-report, as well as on the clinician's observations of the patient." *Buck*, 869 F.3d at 1049.

In sum, the ALJ's assertion that Dr. Ramos's report contained no functional limitations and simply relied on Plaintiff's claims is unsupported by substantial evidence in the record.

B. Conclusory Reasoning

An ALJ cannot discount a physician's opinion in a conclusory manner. Instead, the ALJ must state her interpretations and explain why they, rather than the physician's interpretations, are correct. *See Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

In this case, the ALJ used conclusory reasoning multiple times in discounting medical opinions. For example, Dr. McDuffee opined Plaintiff had a moderate, marked, or severe limitation in nearly every area of basic work activity. *See* AR 1494. The ALJ gave "limited weight" to Dr. McDuffee's opinion, finding "the longitudinal record" showed Plaintiff did not possess any marked limitations. AR 1138-39. Likewise, although Dr. Bowes opined Plaintiff had moderate and marked limitations in nearly every basic work activity, the ALJ assigned this opinion "limited weight" in light of the longitudinal record *See* AR 1140, 1483-84. Yet for both Dr. McDuffee and Dr. Bowes, the ALJ failed to explain which aspects of the longitudinal record contradicted their particular findings. *See* AR 1139. Therefore, these were not specific, legitimate reasons, supported by substantial evidence, to discount these physicians' findings. *See McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989) (ALJ's rejection of a physician's opinion on the ground that it was contrary to the record was "broad and vague," as the ALJ failed to explain why the physician's opinion was flawed).

    C.  <u>Self-Reports</u>

Moreover, an ALJ may reject a physician's opinion if it is largely based "a claimant's self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (citation omitted). However, an ALJ cannot reject "an examining physician's opinion by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports his ultimate opinion with his own observations." *Ryan*, 528 F.3d at 1199-1200 (citing *Edlun v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001)).

Here, Dr. Kenderline opined Plaintiff had moderate and marked limitations in several areas of social functioning. *See* AR 907. The ALJ gave these limitations "little weight," finding

Dr. Kenderline "based each domain on [Plaintiff's] subjective reports of having difficulty in large groups, as well as his long-term chemical dependency and limited vocational skills." AR 1136. Despite the ALJ's assertion that Dr. Kenderline based these findings on Plaintiff's self-reports, Dr. Kenderline herself did not discredit Plaintiff's complaints, and she supported her opinions with her own mental status examination. *See Ryan*, 528 F.3d at 1199-1200; *see also Buck*, 869 F.3d at 1049 (mental status examinations are "objective measures" which "cannot be discounted as a self-report").

Furthermore, contrary to the ALJ's statement, Dr. Kenderline's report reveals she did not solely base these findings on Plaintiff's reports. For example, regarding Dr. Kenderline's opinion that Plaintiff was moderately limited in his ability to interact appropriately in public contacts, Dr. Kenderline wrote she based this finding on Plaintiff's reports as well as her personal observation that Plaintiff "was uncomfortable while in the lobby before his interview." AR 907. With respect to Dr. Kenderline's opinion that Plaintiff was markedly limited in responding appropriately to and tolerating the pressures and expectations of a normal work setting, Dr. Kenderline wrote she based this opinion on Plaintiff's "limited vocational skills in conjunction with his psychiatric symptoms." AR 907. Thus, the ALJ's decision to discount Dr. Kenderline's opinion regarding Plaintiff's social functioning because it was based Plaintiff's self-reports was not a specific, legitimate reason, supported by substantial evidence.

D. Examining Physicians

Additionally, an ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990); *Embrey*, 849 F.2d at 422). When a treating or examining physician's opinion is contradicted, the opinion

can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

In this case, the ALJ discounted Dr. McDuffee's medical opinion because contemporaneous treatment notes showed he was "much more functional" than Dr. McDuffee opined him to be "based on their one time encounter." AR 1139. The ALJ provided an identical reason to reject Dr. Bowes' medical opinion. *See* AR 1140. The fact that these examining physicians' opinions appeared inconsistent with the treating physicians' notes shifted the standard of review to reject the opinions to "specific and legitimate," but did not eliminate the need for the ALJ to provide a proper reason to reject this opinion. *See Lester*, 81 F.3d at 830-31 (citations omitted). In addition, the ALJ failed to explain what aspects of the contemporaneous treatment notes contradicted particular findings by Drs. McDuffee or Bowes. *See* AR 1139, 1140. As such, the ALJ erred by providing these reasons to reject the medical opinions of Drs. McDuffee and Bowes, as they were conclusory and not specific, legitimate reasons for doing so. *See Embrey,* 849 F.2d at 422 (an ALJ cannot merely state facts he claims "point toward an adverse conclusion and make[] no effort to relate any of these objective factors to any of the specific medical opinions and findings he rejects").

### III. Whether the ALJ properly considered evidence from Plaintiff's licensed mental health counselor and a lay witness.

Plaintiff contends the ALJ erred in his treatment of evidence from Plaintiff's licensed mental health counselor, Patricia Falsetto, and lay witness Pam Lake. Dkt. 13, pp. 10-11, 17.

The Court concluded the ALJ committed harmful error in her treatment of medical opinion evidence from Dr. Allender. *See* Section I, *supra*. Because the ALJ's reconsideration of

the medical evidence may impact her assessment of the statements from Ms. Falsetto and Ms. Lake, the ALJ must reconsider this evidence on remand.

### IV. Whether the RFC is supported by substantial evidence in the record.

Plaintiff also argues the ALJ erred because the RFC is not supported by substantial evidence in the record. Dkt. 13, pp. 15-18.

The ALJ committed harmful error regarding her consideration of Dr. Allender's medical opinion evidence. *See* Section I, *supra*. Because proper consideration of Dr. Allender's opinion may impact the limitations contained in the RFC, the ALJ is directed to reassess the RFC on remand. *See* SSR 96-8p, 1996 WL 374184 (1996) (an RFC "must always consider and address medical source opinions"); *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) ("an RFC that fails to take into account a claimant's limitations is defective").

### V. Whether the case should be remanded for an award of benefits.

Lastly, Plaintiff requests the Court remand his claim for a benefits award. Dkt. 13, p. 18.

The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit created a "test for determining when evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d at 1292.

In this case, the Court has determined the ALJ committed harmful error regarding Dr. Allender's medical opinion and also erred with regard to other medical evidence. Because outstanding issues remain regarding the medical evidence, Plaintiff's RFC, and his ability to perform other jobs existing in significant numbers in the national economy, remand for further consideration of this matter is appropriate.

Moreover, the Court recognizes this case has twice been decided by ALJ Rosa and both decisions have been reversed and remanded by this Court. Further, ALJ Rosa has erred twice in her consideration of Dr. Allender's opinion and failed to follow the Order of this Court. *See* AR 790-94. As such, the Court recommends the Commissioner assign this case to a different ALJ for all further proceedings. *See Rohan v. Chater*, 98 F.3d 966, 971 (7th Cir. 1996) (recommending the Commissioner assign the case to a different ALJ for all further proceedings); *see also Wentworth v. Barnhart*, 71 Fed. App'x. 727, 728 (9th Cir. 2003) (finding the ALJ was biased and remanding to "the district court with directions to remand to the Social Security Administration with instructions that the matter be assigned to a different ALJ").

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 26th day of March, 2018.

David W. Christel
United States Magistrate Judge